**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 8 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALEJANDRA MARIA CABALLERO-AGUILAR, et al., <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 19-71904 <br><br> Agency Nos. A209-859-524 <br> A209-859-525 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 1, 2022**

Before: FRIEDLAND, SANCHEZ, and H. THOMAS, Circuit Judges.

Alejandra Maria Caballero-Aguilar and her minor daughter, natives and

citizens of El Salvador, petition for review of the Board of Immigration Appeals'

("BIA") order dismissing their appeal from an immigration judge's ("IJ") decision

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1]

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Substantial evidence supports the agency's determination that Caballero-Aguilar did not establish that she suffered past persecution or has a well-founded fear of future persecution. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028-29 (9th Cir. 2019) ("We have been most likely to find persecution where threats are repeated, specific, and combined with confrontation or other mistreatment.") (citation and internal quotation marks omitted). Thus, Petitioners' asylum claims fail.

In light of this disposition, we do not reach Petitioners' remaining contentions. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) ("As a general rule courts and agencies are not required to make findings on issues the

---

[1] The BIA deemed waived any challenge to the IJ's denial of withholding of removal and CAT protection because those denials were not meaningfully challenged in Petitioners' brief to the BIA. Petitioners have not contested that waiver determination in this petition for review. Therefore, only the asylum claim is before us. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004). To the extent the BIA relied on the IJ's having afforded diminished weight to Caballero-Aguilar's testimony based on significant concerns with her credibility, Petitioners do not argue that we should grant the petition on that basis.

decision of which is unnecessary to the results they reach." (quoting *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976))).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**